UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNOWME SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PERCEPTUAL NETWORKS, INC., <br><br> Defendant. | **Civil Action No. 15-4608** <br><br><br> **DEMAND FOR TRIAL BY JURY** |

Plaintiff KnowMe Systems, Inc. ("KnowMe Systems" or "Plaintiff"), by and through their undersigned counsel, for its complaint against Perceptual Networks, Inc. ("Perceptual Networks" or "Defendant") allege as follows:

## NATURE OF THE ACTION

1.  This is a civil action for common law trademark infringement and false designation of origin under Section 43(a)(1) of the Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1125(a)(1) and unfair competition under New York state law.

2.  Plaintiff brings this action for injunctive relief and damages caused by Perceptual Networks' unauthorized use of a trademark that is identical to Plaintiff's KNOWME trademark, as used on, or in connection with, a software application for online social networking that causes a likelihood of confusion with KnowMe Systems' own social networking software application.

3.  Plaintiff seeks remedies afforded under the Lanham Act and New York state common law, including injunctive relief, damages and an award of costs including attorneys' fees.

**THE PARTIES**

4.      Plaintiff KnowMe Systems is corporation organized and existing under the laws of Delaware with its principal place of business located at 41 Madison Avenue, 4th Floor, New York, New York 10021.

5.      KnowMe Systems is a software and social networking business that is dedicated to helping people share and connect. To that end, Plaintiff has created and distributed a software application designed, in part, for use with mobile phones and devices and an online social networking service, which is advertised, promoted, distributed, offered for sale and sold under Plaintiff's trademark KNOWME. Plaintiff provides its software and services through the internet website www.knowme.com ("KnowMe Website"), which is owned and operated by Plaintiff.

6.      Defendant Perceptual Networks is a corporation organized and existing under the laws of Delaware with its principal place of business located at 206 S 4th Street, Philadelphia, Pennsylvania 19106.

7.      Upon information and belief, Perceptual Networks operates as a technology company that is in the business of creating, advertising, promoting, distributing, offering for sale and/or selling software applications to the general public throughout the United States, for use on mobile phones and devices.

**JURISDICTION AND VENUE**

8.      This is an action for, *inter alia*, common law trademark infringement and false designation of origin under Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1) and unfair competition under the common law of New York.

9.      Accordingly, this Court has original jurisdiction over the subject matter of this action under Sections 34(a) (injunctive relief) and 39(a) (original jurisdiction) of the Lanham Act,

15 U.S.C. §§ 1116(a) and 1121(a). Additionally, this Court has supplemental jurisdiction over the related state common law claim under 28 U.S.C. § 1367(a).

10. This Court has personal jurisdiction over Perceptual Networks by virtue of its doing business in New York by marketing, distributing and attempting to distribute, infringing products and/or services in New York. N.Y. C.P.L.R. § 302(a).

11. Venue is proper in this District pursuant to Section 1391(b)(2) and (3) of the Judicial Code, 28 U.S.C. § 1391(b)(2) and (3) as, upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred in New York and Perceptual Networks is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

**A.     The KNOWME trademark, software and social networking service**

12. The concept for Plaintiff's KNOWME software and service was developed in mid-2013 by Mr. Andrew Jarecki and later continued with various collaborators and employees. Plaintiff's KnowMe software and service serves as a video creation tool and social networking service in which members create and share, among other things, personal messages using photographs, video music and other elements. Plaintiff provides software, services and a website to facilitate the distribution and use of the products and services offered under the KNOWME trademark.

13. To use the KnowMe software and services, users may either utilize the KnowMe creation tool without registration, or they may register and login with a unique username/email and password. Registered users are, however, entitled to a higher level of service, including the ability to create a unique user profile, to "follow" friends and others users of the KnowMe service, to create groups within the KnowMe service and access other internet-based features on mobile phones and devices as well as computers.

14.     In December 2014, Plaintiff publicly released the first version of the KnowMe downloadable software application for smartphones and tablet computers ("KnowMe Application"). The KnowMe Application was publicly launched via a combination of email and text message invitations to hundreds of consumers within the United States allowing those consumers to download the KnowMe Application. Visitors to the KnowMe Website are able to input their email address to receive invitations to begin using the KnowMe service. The KnowMe Application is provided free to consumers, can be downloaded to IOS mobile devices, and will soon be available for use on Android-based mobile devices. A representative copy of a text message invitation that was sent to consumers when the KnowMe software was publicly launched is attached as **Exhibit 1**.

15.     Plaintiff is the owner of several applications pending before the U.S. Patent and Trademark Office ("USPTO") for the KNOWME trademark. Specifically, KnowMe Systems is the applicant of the following United States applications for registration of the KNOWME trademark on the Principal Register of the USPTO:

| TRADEMARK | APPLICATION NUMBER AND FILING DATE | CLASSES |
|---|---|---|
| KNOWME | 86167703<br><br>January 16, 2014 | **Class 9**: *Computer software for mobile devices and computer devices to enable uploading, creating, posting, editing, showing, displaying, blogging, sharing and transmitting of electronic media, videos, or information over the internet and other communications networks; downloadable software to enable uploading, creating, posting, editing, showing, displaying, blogging, sharing and transmitting of electronic media, videos, or information over the internet and other communications networks* |

| TRADEMARK | APPLICATION NUMBER AND FILING DATE | CLASSES |
|---|---|---|
| KNOWME | 86167715<br><br>January 16, 2014 | **Class 38**: *Telecommunication services, namely, transmission of voice, data, images, audio and video by means of telecommunications networks, wireless communication networks, and the internet; provision of access to an online community forum for users to share information, audio and video content, to form virtual communities, and to engage in social networking* |
| KNOWME | 86167721<br><br>January 16, 2014 | **Class 42**: *Providing a website featuring technology that enables users to upload, create, post, edit, show, display, blog, share and transmit electronic media, videos, or information; providing temporary use of online non-downloadable software to enable uploading, creating, posting, editing, showing, displaying, blogging, sharing and transmitting of electronic media, videos, or information; providing a web hosting platform allowing users to upload, post, display, and share videos and digital content; creating an online community for registered users to engage in social networking; application service provider featuring application programming interface (API) software for the integration of video content into websites, applications, and third-party software* |
| KNOWME | 86167724<br><br>January 16, 2014 | **Class 45**: *Online social networking services; providing a social networking website for entertainment purposes; internet-based social networking services allowing users to communicate and share, store, transmit, view, and download text, images, audio and video content, and other multimedia materials* |

True and accurate copies of the applications for registration of the KNOWME trademark are attached as **Exhibit 2**.

16.     The four (4) applications for registration of the KNOWME trademark set out in the table above were filed on January 16, 2014, and have all been approved for registration by the USPTO. A Statement of Use was recently filed in connection Plaintiff's Class 9 application for the KNOWME trademark (Serial No. 86167703). A true and accurate copy of the Statement of Use is attached as **Exhibit 3**.

17.     Plaintiff has consistently and prominently displayed and advertised the KNOWME trademark in connection with Plaintiff's software and Plaintiff's related services since its launch and release to the public in December 2014.

18.     As a result, Plaintiff has common law rights in, and to, the KNOWME trademark for, among other things, software applications and online social networking services since at least as early as December 2014.

19.     Plaintiff has made a significant investment, in terms of time, effort and money, in creating, promoting and advertising the KNOWME trademark in connection with the KNOWME software, website and associated services.

20.     As a result of Plaintiff's investment of time and effort in promoting and providing the software and services offered and sold under the KNOWME trademark, the KNOWME trademark is distinctive and is entitled to a broad scope of protection.

**B.     Defendant's Infringing Acts**

21.     Upon information and belief, Perceptual Networks is in the business of creating, advertising, promoting, distributing, offering for sale and/or selling software applications to the general public throughout the United States, including in New York and in this District.

22.     Upon information and belief, Defendant released a software application on about March 1, 2011 that was entitled "*FFM (Free Foto Messenger)*".

23.     Upon information and belief, on about April 14, 2015, Defendant's downloadable software application that was entitled "*FFM (Free Foto Messenger)*" changed its name to "*KnowMe – Personal Snap Journal*" ("Infringing Trademark"). The software application provided under the Infringing Trademark indicates that the name changed on about April 14, 2015 as the comments in the version history state "*Version 3.0. Updated Apr 14, 2015. New name and totally redesigned.*" A true and accurate copy of the version history relating to the

6

software application provided under the Infringing Trademark is attached as **Exhibit 4**. *See* page 1.

24.     Upon information and belief, beginning at least as early as April 14, 2015, Defendant operated the website located at www.know.me ("Infringing Website") that prominently references the KNOWME trademark and facilitates access to the software that displays the Infringing Trademark by directing users to click a hyperlinked "*Download on the App Store*" button. A true and accurate screenshot of the homepage of the Infringing Website is attached as **Exhibit 5**.

25.     Upon information and belief, once a consumer clicks the "*Download on the App Store*" button on the Infringing Website, the consumer is redirected to the iTunes preview page for the Infringing Application where the consumer can download the Infringing Application for free. The iTunes preview page provides screenshots of the Infringing Application which prominently displays the KNOWME trademark used in connection with the Infringing Application. Additionally, the iTunes preview page describes the Infringing Application as follows:

> "*Keep a snap journal that captures the world from your point of view.*
>
> *\* Post videos, photos, and screenshots to capture your daily activities and thoughts*
>
> *\* Learn about and meet interesting people near you by browsing their stories*
>
> *\* Annotate posts with drawings and captions, using a variety of fonts*"

A true and accurate screenshot of the iTunes preview page for the software application provided under the Infringing Trademark is attached as **Exhibit 6**.

26. The software provided under the Infringing Trademark is similar to and/or closely related to the products and services provided by Plaintiff under its KNOWME trademark. Upon information and belief, users of the software provided under the Infringing Trademark can create unique profiles, connect with friends to build a network, comment on and indicate their preference for content posted on the site and participate in forums and online communities.

27. Upon information and belief, before April 14, 2015, Defendant:

   a. never used the word KNOWME as a source identifier for any online social networking products or services in the United States or elsewhere; and

   b. never applied to register a trademark that included the word KNOWME.

Upon information and belief, prior to April 14, 2015, that Defendant used an entirely different name for the software it currently provides under the Infringing Trademark.

28. Upon information and belief, Defendant's adoption and unauthorized use of the KNOWME trademark beginning on about April 14, 2015, in connection with the software provided under the Infringing Trademark, was Defendant's first use in commerce of the mark KNOWME, which occurred at least 15 months after Plaintiff filed trademark application Serial Nos. 86167703, 86167715, 86167721 and 86167724 with the USPTO and at least three months after Plaintiff's first use of the KNOWME trademark at least as early as in December 2014.

29. At no time has Plaintiff authorized, or consented to, Defendant's use of the KNOWME trademark, or any other of Plaintiff's intellectual property, in connection with the distribution or sale of any goods or services. Additionally, at no time has Plaintiff had any affiliation, connection or association with Defendant or Defendant's products or services, the Infringing Application or the Infringing Website.

30. Defendant's unauthorized use of the KNOWME trademark includes, but is not limited to, use of the KNOWME trademark on the Infringing Application and the Infringing Website to advertise, promote, distribute, offer for sale and/or sell Defendant's competing products and services.

31. Defendant's unauthorized use of the KNOWME trademark is likely to mislead, deceive and confuse the relevant purchasing public and trade. It is likely that consumers will mistakenly believe that Defendant's software offered, distributed and/or sold under the Infringing Trademark is connected, associated or in some way affiliated with Plaintiff, when in fact no such affiliation, connection or association exists. Such confusion damages Plaintiff's reputation and goodwill.

32. In using the distinctive KNOWME trademark, Defendant has willfully and deliberately sought to profit from Plaintiff's existing goodwill and reputation.

33. As a result of Defendant's acts, Plaintiff has suffered, and will continue to suffer, damage and irreparable injury. Plaintiff has no adequate remedy at law, and unless Defendant is restrained and enjoined by this Court, Defendant will continue to cause damage and irreparable injury to Plaintiff and to damage its goodwill and business reputation.

**COUNT ONE**
**FEDERAL COMMON LAW TRADEMARK INFRINGEMENT**
**(Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1))**

34. Plaintiff repeats and realleges the allegations in paragraphs 1 through 33 above as though fully set forth at length.

35. Plaintiff is the senior user and owner of the KNOWME trademark. Plaintiff uses the KNOWME trademark in interstate commerce for, among other things, internet based social networking services provided via a downloadable software application, namely the KnowMe Application.

36. Defendant's adoption and use of a colorable imitation of the KNOWME trademark subsequent in time to Plaintiff's first use of the KNOWME trademark in interstate commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association the KNOWME trademark has with Defendant or as to the origin, sponsorship or approval of Defendant's products and services. Defendant's unauthorized use of the KNOWME trademark constitutes common law trademark infringement under Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

37. Upon information and belief, Defendant has engaged in such trademark infringement knowingly, willfully, deliberately and in conscious disregard of Plaintiff's rights within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

38. Plaintiff has been damaged, and will continue to be damaged, and Defendant has been unjustly enriched, by such unlawful conduct in an amount to be proven at trial. As a result of Defendant's unauthorized use of the KNOWME trademark, Plaintiff has suffered, and continues to suffer irreparable injury and loss of reputation and is therefore entitled to damages and any profits of Defendant in amounts to be proven at trial, in addition to attorneys' fees. Defendant's unauthorized use of the KNOWME trademark has caused and, if not enjoined, will continue to cause, irreparable damage to the business, positive reputation and goodwill of Plaintiff, which cannot be adequately compensated solely by monetary damages. Plaintiff therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a). The acts of Defendant were done in an intentional, willful, malicious and oppressive manner in conscious disregard of Plaintiff's rights. Accordingly, this case qualifies as an exceptional case pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**COUNT TWO**
**FALSE DESIGNATION OF ORIGIN**
**(Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1))**

39. Plaintiff repeats and realleges the allegations in paragraphs 1 through 38 above as though fully set forth at length.

40. Defendant's unauthorized and prominent use of Plaintiff's KNOWME trademark on, or in connection with, the advertising, distribution, offering for sale and sale of the Infringing Application conveys the misleading impression to the public that Defendant's business is affiliated, connected or associated with, Plaintiff and Plaintiff's business.

41. Defendant's conduct creates a false designation of origin which is likely to cause confusion, mistake or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship or approval of Defendant's goods and services with the goods and services distributed, offered for sale and sold by Plaintiff under the KNOWME trademark.

42. Defendant's unauthorized use of the KNOWME trademark constitutes a false designation of origin under Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

43. As a result of Defendant's conduct, Plaintiff has suffered, and continues to suffer irreparable injury and, if not enjoined, will continue to cause, irreparable damage to Plaintiff, which cannot be adequately compensated solely by monetary damages. Plaintiff therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a).

**COUNT THREE**
**UNFAIR COMPETITION UNDER NEW YORK STATE LAW**
(State Common Law)

44. Plaintiff repeats and realleges the allegations in paragraphs 1 through 43 above as though fully set forth at length.

45. Defendant's use of the KNOWME trademark constitutes a use that is likely to cause confusion as to the source or origin of Defendant's products and services.

46. Defendant's acts constitute unfair competition in violation of Plaintiff's rights under New York common law.

47. Plaintiff is entitled to recover damages in an amount to be determined at trial, for Defendant's acts of unfair competition.

48. The acts of Defendant are causing, or have caused, irreparable harm to Plaintiff that is not fully compensable in monetary damages and, unless permanently restrained by this Court, the harm will continue.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests that this Court enter an order providing for the following relief:

(1) That Defendant and any of its agents, servants, employees, representatives, related companies and all others in active concert or participation with them, either directly or indirectly, be preliminarily and permanently enjoined and restrained from using the KNOWME trademark or any other mark, logo, domain name, name or designation that creates a likelihood of confusion, mistake or deception with respect to the KNOWME trademark;

(2) That Defendant be required to immediately remove all uses of, and references to, the KNOWME trademark from all websites within Defendant's control, including from the Infringing Website;

(3) A judgment ordering Defendant to relinquish the registration of the infringing domain name, and any other registration of domain names that include or compromise the KNOWME trademark as part of the domain name or otherwise colorably imitate the KNOWME trademark and transfer same to Plaintiff or its designee;

(4) A judgment ordering the domain name registrar of the Infringing Website to transfer Defendant's registration of that domain name to Plaintiff;

(5) That Defendant be required to pay to Plaintiff any damages Plaintiff has sustained as a result of Defendant's trademark infringement and Defendant be required to account for, and disgorge to, Plaintiff all profits derived from its trademark infringement, and that such award of damages and profits be trebled as allowed pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

(6) That because of the exceptional nature of this case resulting from Defendant's deliberate and willful conduct, this Court award to Plaintiff all reasonable attorney's fees, costs and disbursements incurred by Plaintiff as a result of this action, pursuant Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and

(7) That Plaintiff be granted such other, further and different relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Respectfully submitted,

Dated: June 12, 2015

By: /s/ Robert L. Powley
Robert L. Powley (RP7674)
Thomas H. Curtin (TC5753)
Krystil A. McDowall (KM5566)

POWLEY & GIBSON, P.C.
304 Hudson Street, Suite 202
New York, NY 10013
Telephone: (212) 226 5054
Facsimile: (212) 226 5085
rlpowley@powleygibson.com
thcurtin@powleygibson.com
kamcdowall@powleygibson.com

Counsel for Plaintiff
KNOWME SYSTEMS, INC.